UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

ROBERT FATHMAN,                         )
                                        )
                 Petitioner,            )
                                        )
        v.                              )        No. 2:20-cv-00625-JPH-DLP
                                        )
BRIAN SMITH,                            )
                                        )
                 Respondent.            )

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Robert Fathman, an inmate of the Indiana Department of Correction ("IDOC"), has filed a

petition for a writ of habeas corpus challenging his prison disciplinary conviction in case number

ISF 19-12-0142. For the reasons explained below, the petition is **DENIED**.

**I.**
**LEGAL STANDARD**

Prisoners in Indiana custody may not be deprived of good-time credits or credit-earning

class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*,

485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018).

The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written

notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial

decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the

evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt.

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*,

418 U.S. 539, 563-67 (1974).

## II.
## BACKGROUND

Mr. Fathman was found guilty of trafficking, a violation of IDOC Adult Disciplinary Code A-113. Dkt. 6-8. According to the conduct report, he accepted a cigarette from his crew supervisor, Apple Devoll, while working outside the facility. Dkt. 6-1. His disciplinary conviction was vacated on administrative appeal and set for rehearing. Dkt. 12-1, p. 8. At the second disciplinary hearing, he was again found guilty and lost 90 days of earned credit time. Dkt. 6-6.

One month before the second hearing, Mr. Fathman was given a copy of the screening report, which provided the code violation and the date the violation allegedly occurred. Dkt. 6-2. He asked to call Devoll as a witness and requested a copy of the surveillance video. *Id.*

Following Mr. Fathman's request, Lt. R. Criss sent a letter to Devoll requesting a witness statement. Dkt. 6-3. The disciplinary hearing was postponed while the facility waited for Devoll's response. Dkt. 6-5. Ultimately, Devoll did not provide a witness statement. Mr. Fathman has not described what Devoll might have said or how her testimony might have helped his case.

Two days before the second hearing, Mr. Fathman was given a copy of the conduct report, which he refused to sign, and other evidence. Dkt. 6-1 (conduct report); dkt. 6-2 (email describing allegations); dkt. 12-1, para. 11. He was told that the second hearing would be held in two days. Dkt. 12-1, para. 11.

Sgt. Mattox was the disciplinary hearing officer at the second hearing and was the "chairman" at the first hearing. Dkts. 6-1, 6-6. Sgt. Mattox also signed orders postponing the second hearing due to a facility emergency and the unavailability of staff and witnesses. Dkt. 6-5. Sgt. Mattox did not write the conduct report, and there is no evidence that Sgt. Mattox participated in the investigation or collected witness statements. Dkt. 6-1.

After he was found guilty, Mr. Fathman appealed the result of the second hearing to the Facility Head and the IDOC Final Reviewing Authority. Dkts. 6-9, 6-10. These appeals were denied. *Id.* Mr. Fathman then filed a habeas petition pursuant to 28 U.S.C. § 2254.

### III.
### DISCUSSION

Mr. Fathman's petition raises three issues: (A) whether he was denied the right to an impartial decisionmaker; (B) whether he was denied the right to advance written notice of the charge; and (C) whether he was denied the right to exculpatory evidence.

### A.  Right to an Impartial Decisionmaker

A prisoner in a disciplinary action has the right to be heard before an impartial decisionmaker. *Hill*, 472 U.S. at 454. Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, the "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the IDOC. *Piggie*, 342 F.3d at 666.  Instead, hearing officers are impermissibly biased when, for example, they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

Mr. Fathman has not overcome the presumption that Sgt. Mattox was an impartial decisionmaker. Contrary to Mr. Fathman's arguments, there is no evidence that Sgt. Mattox was involved in the underlying investigation or in the decision to charge him with trafficking. Although Sgt. Mattox participated in the first hearing and postponed the second hearing, this is not evidence of bias. In criminal proceedings, where the accused has greater due process protections, judges

routinely issue case management orders and preside over retrials following reversal on appeal. *Cf.*

*Wolff*, 418 U.S. at 556 ("Prison disciplinary proceedings are not part of a criminal prosecution, and

the full panoply of rights due a defendant in such proceedings does not apply."). Sgt. Mattox's

participation in the first disciplinary hearing and the orders he signed postponing the second

disciplinary hearing did not disqualify him from serving as the disciplinary hearing officer.

Accordingly, Mr. Fathman's request for relief on this ground is **DENIED**.

### B.  Right to Advance Written Notice

Due process entitles inmates to advance "written notice of the charges . . . in order to inform

[them] of the charges and to enable [them] to marshal the facts and prepare a defense." *Wolff*, 418

U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize

the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citations

and quotation marks omitted). Due process requires a minimum of 24 hours advance written notice

of the charge. *Wolff*, 418 U.S. at 564; *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Mr. Fathman received written notice of his charge when he was given a copy of the

screening report one month before the hearing. He was given additional written notice when he

was given a copy of the conduct report and an email describing the allegations two days before the

hearing. This satisfied Mr. Fathman's right to due process. Even if notice was inadequate, any error

would be harmless because Mr. Fathman has not demonstrated prejudice. *See Piggie*, 342 U.S. at

666 (harmless error doctrine applies to prison disciplinary cases). He has not stated what, if

anything, he would have done differently had he received additional written notice of his charge.

Accordingly, his request for relief on this ground is **DENIED**.

### C.  Right to Exculpatory Evidence

Prisoners have a limited right to present witnesses and evidence in their defense, consistent with correctional goals and safety. *Wolff*, 418 U.S. at 566. A hearing officer has considerable discretion with respect to requests for evidence and may deny requests that threaten institutional safety or requests that are irrelevant, repetitive, or unnecessary. *Piggie*, 342 F.3d at 666. Due process only requires access to witnesses and evidence that are exculpatory. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 2011). Prison officials are not required to produce evidence they do not have. *Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017).

Prison officials tried to get a witness statement from Devoll, but they were unsuccessful. Due process did not require them to provide a witness statement they did not have or seek an order compelling Devoll's compliance. Also, Mr. Fathman has not described what Devoll's statement might have been, and it is unclear whether the statement would have been exculpatory. *See Piggie*, 344 F.3d at 678 (affirming the denial of a habeas petition because the prisoner did not explain how the requested witness would have helped him at his disciplinary hearing). Accordingly, his request for relief on this ground is **DENIED**.[1]

### IV.
### CONCLUSION

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of these

---

[1] In his reply, Mr. Fathman argues that prison officials also violated his right to due process when they failed to provide him with a copy of the surveillance video. He did not raise this issue in his petition and may not do so for the first time on reply. *See Amerson v. Farrey*, 492 F.3d 848, 852 (7th Cir. 2007) (affirming the district court's ruling that the petitioner waived arguments raised for the first time on reply).

proceedings, and there was no constitutional deprivation which entitles the petitioner to the relief he seeks. Accordingly, the petition for a writ of habeas corpus must be **DENIED** and the action **DISMISSED** with prejudice. Final judgment consistent with this Order shall now issue.

**SO ORDERED**.

Date: 8/11/2021

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ROBERT FATHMAN
259653
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov